**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UROVANT SCIENCES GMBH and SUMITOMO PHARMA AMERICA, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 25-373 (GBW) |
| ACCORD HEALTHCARE INC., | ) | |
| Defendant. | ) | |

**ACCORD HEALTHCARE INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' UROVANT SCIENCES GMBH AND SUMITOMO PHARMA AMERICA, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Accord Healthcare Inc. ("Accord" or "Defendant"), by its undersigned attorneys for its Answer to the Complaint for Patent Infringement filed by Plaintiffs Urovant Sciences GmbH ("Urovant") and Sumitomo Pharma America, Inc. ("SMPA") (collectively, "Plaintiffs"), state as follows.

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), Accord denies all allegations in Plaintiffs' Complaint except those specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Accord denies that Plaintiffs are entitled to the relief requested or any other relief. Accord responds to the Complaint as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of U.S. Patent No. 12,102,638 ("the '638 patent" or "the patent-in-suit"), arising under the United States Patent Laws, Title 35, United States Code, § 100, *et seq.*, and in particular under 35 U.S.C. § 271, as well as the Declaratory Judgement Act, 28 U.S.C. §§ 2201-2202. This action relates to Defendants' filing of Abbreviated New Drug Application ("ANDA") No. 220254 under 21 U.S.C. § 355(j), seeking United States Food and Drug Administration

> ("FDA") approval to manufacture, use, import, offer to sell, and/or sell in the United States Vibegron Tablets (75 mg) ("Defendants' Generic Product"), which is a generic version of Plaintiffs' GEMTESA® (vibegron), before the expiration of the patent-in-suit.

**ANSWER:** Paragraph 1 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that Plaintiffs' Complaint purports to state an action for patent infringement under Title 35 of the United States Code. Accord admits that it filed ANDA No. 220254 with the U.S. Food and Drug Administration ("FDA") pursuant to 21 U.S.C. § 355(j) *et seq*. seeking approval to market Vibegron Tablets, 75 mg, as generic to Plaintiffs' GEMTESA® (vibegron) Tablets, 75 mg, prior to the expiration of U.S. Patent No. 12,102,638 ("the '638 patent" or the "Patent-in-Suit"). Accord denies all remaining allegations of paragraph 1.

## <u>THE PARTIES</u>

2. Urovant is a Switzerland limited liability company having its principal place of business at Aeschengraben 27, 4051 Basel, Switzerland.

**ANSWER:** Accord lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2, and on that basis denies these allegations.

3. SMPA is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 84 Waterford Drive, Marlborough, Massachusetts 01752.

**ANSWER:** Accord lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3, and on that basis denies these allegations.

4. Plaintiffs are in the business of developing innovative treatments, science, and technology to address patient needs in the critical areas of oncology, women's health, urology, rare disease, neurology & psychiatry, and cell & gene therapies. The patent-in-suit covers GEMTESA®, which is marketed and sold by SMPA in this judicial district and throughout the United States for the treatment of overactive bladder ("OAB") with symptoms of urge urinary incontinence, urgency, and urinary frequency in adults, and in adult males on pharmacological therapy for benign prostatic hyperplasia ("BPH").

**ANSWER:** Accord lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4, and on that basis denies these allegations.

5. On information and belief, Intas is a corporation organized and existing under the laws of India, with its principal place of business at Corporate House, Near Sola Bridge, S. G. Highway, Thaltej, Ahmedabad, Gujarat, India, 380054.

**ANSWER:** On May 20, 2025, the Court entered the parties' stipulated order dismissing Intas as a defendant in this action. As such, Accord denies that information regarding Intas is of any further relevance in this action.

6. On information and belief, Intas is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in the State of Delaware.

**ANSWER:** On May 20, 2025, the Court entered the parties' stipulated order dismissing Intas as a defendant in this action. As such, Accord denies that information regarding Intas is of any further relevance in this action.

7. On information and belief, Accord Inc. is a corporation organized and existing under the laws of North Carolina, with its principal place of business at 8041 Arco Corporate Drive, Suite 200, Raleigh, North Carolina 27617.

**ANSWER:** Accord admits that Accord Inc. is a corporation organized and existing under the laws of the State of North Carolina, with a place of business at 8041 Arco Corporate Drive, Suite 200, Raleigh, North Carolina 27617. The remaining allegations of paragraph 7 contain legal conclusions and allegations to which no answer is required. To the extent an answer may be required, denied.

8. On information and belief, Accord Inc. is the wholly-owned U.S. subsidiary of Intas.

**ANSWER:** Paragraph 8 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited

purposes of this action only. Accord denies all remaining allegations of Paragraph 8 of the Complaint.

9. On information and belief, Accord Inc. and Intas, in coordination with each other or at the direction of Intas, are in the business of, among other things, manufacturing, marketing, distributing, importing for sale, and/or selling generic copies of branded pharmaceutical products throughout the United States, including in the State of Delaware.

**ANSWER:** Paragraph 9 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only. Accord denies all remaining allegations of Paragraph 9 of the Complaint.

10. On information and belief, and consistent with their practice with respect to other generic products, following FDA approval of ANDA No. 220254, Defendants will make, use, offer to sell, and/or sell Defendants' Generic Product throughout the United States, including in the State of Delaware, and/or import such generic products into the United States, including into the State of Delaware.

**ANSWER:** Paragraph 10 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only. Accord denies all remaining allegations of Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

**ANSWER:** Accord incorporates its answers to the preceding paragraphs of Plaintiffs' Complaint as if fully set forth herein.

12. This is a civil action for patent infringement and declaratory judgment arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 12 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that Plaintiffs' claims purport to arise under the patent laws of the United States. Accord denies the remaining allegations of Paragraph 12 of the Complaint.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** Paragraph 13 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that Plaintiffs' claims purport to arise under the patent laws of the United States. Accord denies the remaining allegations of Paragraph 13 of the Complaint.

14. On information and belief, venue and jurisdiction are proper for this proceeding.

**ANSWER:** Paragraph 14 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction or venue in this Judicial District for the limited purposes of this action only. Accord denies all remaining allegations of Paragraph 14 of the Complaint.

15. Plaintiffs believe this case belongs in Delaware, but are concurrently filing a case in the United States District Court for the Eastern District of North Carolina out of an abundance of caution.

**ANSWER:** Accord admits that a case captioned *Urovant Sciences GmbH and Sumitomo Pharma America, Inc. v. Intas Pharmaceuticals Limited and Accord Healthcare Inc.*, Civil Action No. 5:25-cv-163, was filed in the United States District Court for the Eastern District of North Carolina. Accord lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations contained in paragraph 15, and on that basis denies these allegations. Answering further, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction or venue in this Judicial District for the limited purposes of this action only.

> 16. This Court has personal jurisdiction over Intas, *inter alia*, under Federal Rule of Civil Procedure 4(k)(1) or 4(k)(2), because Intas is a foreign corporation and: (a) Intas is subject to the general jurisdiction of the laws of Delaware; and (b) to the extent that Intas is not subject to personal jurisdiction in the courts of any state, Plaintiffs' claims arise under federal law and Intas has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Intas satisfies due process.

**ANSWER:** On May 20, 2025, the Court entered the parties' stipulated order dismissing Intas as a defendant in this action. As such, Accord denies that information regarding Intas is of any further relevance in this action.

> 17. This Court has personal jurisdiction over Intas because, on information and belief, Intas is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products, throughout the United States, including in the State of Delaware. On information and belief, Intas directly or indirectly develops, manufactures, markets, and sells generic drugs throughout the United States and in this judicial district. On information and belief, Intas purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

**ANSWER:** On May 20, 2025, the Court entered the parties' stipulated order dismissing Intas as a defendant in this action. As such, Accord denies that information regarding Intas is of any further relevance in this action.

> 18. This Court also has personal jurisdiction over Intas because, *inter alia*, it has availed itself of this forum previously for the purpose of litigating a patent dispute. For example, Intas has previously invoked this Court's jurisdiction by asserting counterclaims. *See, e.g.*, *AbbVie Inc. v. Hetero USA, Inc. et al*, C.A. No. 23-1332 (D. Del. Nov. 20, 2023), *Veloxis Pharms., Inc. v. Accord Healthcare Inc. et al*, C.A. No. 22-909 (D. Del. Jul. 27, 2022), and *Eagle Pharms., Inc. v. Accord Healthcare Inc. et al*, C.A. No. 22-704 (D. Del. May 27, 2022).

**ANSWER:** On May 20, 2025, the Court entered the parties' stipulated order dismissing Intas as a defendant in this action. As such, Accord denies that information regarding Intas is of any further relevance in this action.

19. On information and belief, Intas, either directly or indirectly, currently sells significant quantities of generic drug products in the United States, including in this judicial district. Intas's website, https://www.intaspharma.com/business-operations/ (accessed Mar. 25, 2025) states that "Intas' US operations are currently generating around USD $350Mn in revenues[,]" that "Intas is one of the leading pharmaceutical companies in the US generics market by prescription volume[,]" and that Intas "has achieved significant market share in more than half of its 118 approved ANDAs."

**ANSWER:** On May 20, 2025, the Court entered the parties' stipulated order dismissing Intas as a defendant in this action. As such, Accord denies that information regarding Intas is of any further relevance in this action.

20. This Court has personal jurisdiction over Accord Inc. On information and belief, Accord Inc. is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products, throughout the United States, including in the State of Delaware. On information and belief, Accord Inc. directly or indirectly develops, manufactures, markets, and sells generic drugs throughout the United States and in this judicial district. On information and belief, Accord Inc. purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

**ANSWER:** Paragraph 20 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only. Accord denies all remaining allegations of Paragraph 20 of the Complaint.

21. This Court also has personal jurisdiction over Accord Inc. because, *inter alia*, it has availed itself of this forum previously for the purpose of litigating a patent dispute. For example, Accord Inc. has previously invoked this Court's jurisdiction by asserting counterclaims. *See, e.g.*, *AbbVie Inc. v. Hetero USA, Inc. et al*, C.A. No. 23-1332 (D. Del. Nov. 20, 2023), *Veloxis Pharms., Inc. v. Accord Healthcare Inc. et al*, C.A. No.

> 22-909 (D. Del. Jul. 27, 2022), and *Eagle Pharms., Inc. v. Accord Healthcare Inc. et al*, C.A. No. 22-704 (D. Del. May 27, 2022).

**ANSWER:** Paragraph 21 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only. Accord denies all remaining allegations of Paragraph 21 of the Complaint.

> 22. This Court also has personal jurisdiction over Accord Inc. because, *inter alia*, Accord Inc. has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. On information and belief, Accord Inc., either directly or through affiliates, currently sells significant quantities of generic drug products in the United States and in the State of Delaware. Accord Inc.'s website, https://www.accordhealthcare.us/our-team/ (accessed Mar. 25, 2025) states that "Accord Healthcare has been operating in the US since 2009" and has "US annual sales of $668M." Accord Inc.'s website further states that "Accord Healthcare is a large-scale provider of generic pharmaceuticals in the United States." https://www.accordhealthcare.us/about/ (accessed Mar. 25, 2025).

**ANSWER:** Paragraph 22 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only. Accord denies all remaining allegations of Paragraph 22 of the Complaint.

> 23. On information and belief, Accord Inc. is a generic pharmaceutical company that, in coordination with or at the direction of Intas, develops, manufactures, markets, imports, and distributes generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

**ANSWER:** Paragraph 23 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited

purposes of this action only. Accord denies all remaining allegations of Paragraph 23 of the Complaint.

> 24. On information and belief, Defendants hold themselves out as a unitary entity and operate as a single integrated business with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

**ANSWER:** Paragraph 24 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only. Accord denies all remaining allegations of Paragraph 24 of the Complaint.

> 25. On information and belief, Accord Inc. and Intas have thus been, and continue to be, joint and prime actors in the drafting, submission, approval, and maintenance of ANDA No. 220254 and intend to benefit from the ANDA.

**ANSWER:** Paragraph 25 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only. Accord denies all remaining allegations of Paragraph 25 of the Complaint.

> 26. On information and belief, and consistent with their practice with respect to other generic products, following FDA approval of ANDA No. 220254, Defendants will market, distribute, and sell Defendants' Generic Product described in ANDA No. 220254 throughout the United States, including in Delaware.

**ANSWER:** Paragraph 26 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest personal jurisdiction in this Judicial District for the limited

purposes of this action only. Accord denies all remaining allegations of Paragraph 26 of the Complaint.

27. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Intas is incorporated in India and may be sued in any judicial district in the United States.

**ANSWER:** Paragraph 27 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Accord does not contest venue in this Judicial District for the limited purposes of this action only. Accord denies all remaining allegations of Paragraph 27 of the Complaint.

## FACTUAL BACKGROUND

### The NDA

28. Urovant is the holder of New Drug Application ("NDA") No. 213006 for GEMTESA® (vibegron) tablets in a strength of 75 mg.

**ANSWER:** Accord admits that a search of the database of FDA-approved drugs on the FDA's website Drugs@FDA, last visited June 9, 2025, indicates that vibegron tablets in a strength of 75 mg were approved under NDA No. 213006, held by Urovant, using the drug name GEMTESA. Accord lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 28, and on that basis denies these allegations.

29. The FDA approved NDA No. 213006 on December 23, 2020.

**ANSWER:** Accord admits that a search of the database of FDA-approved drugs on the FDA's website Drugs@FDA, last visited June 9, 2025, indicates that vibegron tablets in a strength of 75 mg were approved under NDA No. 213006 on December 23, 2020. Accord lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 29, and on that basis denies these allegations.

30. GEMTESA® is a prescription drug approved for the treatment of overactive bladder ("OAB") with symptoms of urge urinary incontinence, urgency, and urinary

frequency in adults, and OAB with symptoms of urge urinary incontinence, urgency, and urinary frequency in adult males on pharmacological therapy for benign prostatic hyperplasia ("BPH"). Vibegron is the active ingredient in GEMTESA®.

**ANSWER:** Accord admits that a search of the database of FDA-approved drugs on the FDA's website Drugs@FDA, last visited June 9, 2025, indicates that vibegron tablets in a strength of 75 mg were approved under NDA No. 213006, using the drug name GEMTESA, for the treatment of overactive bladder (OAB) with symptoms of urge urinary incontinence, urgency, and urinary frequency in adults; and overactive bladder (OAB) with symptoms of urge urinary incontinence, urgency, and urinary frequency in adult males on pharmacological therapy for benign prostatic hyperplasia. Accord lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 30, and on that basis denies these allegations.

## <u>The Patent-in-Suit</u>

31. United States Patent No. 12,102,638 ("the '638 patent"), titled "Use of Vibegron to Treat Overactive Bladder," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on October 1, 2024. A true and correct copy of the '638 patent is attached as Exhibit A.

**ANSWER:** Paragraph 31 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that what purports to be a copy of the '638 patent is attached to the Complaint as Exhibit A; that the '638 patent is titled "Use of Vibegron to Treat Overactive Bladder"; and that the '638 patent purports to bear an issue date of October 1, 2024. Accord denies any remaining allegations of Paragraph 31 of the Complaint.

32. Urovant Sciences GmbH owns the '638 patent.

**ANSWER:** Paragraph 32 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that a search of the patent assignment database on the United States Patent & Trademark's ("USPTO") website identifies "UROVANT SCIENCES GMBH" as the current assignee for the '638 patent. Accord lacks

knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32, and on that basis denies these allegations.

> 33. The ’638 patent currently expires on March 22, 2040, by virtue of 655 days of patent term adjustment granted to the ’638 patent under 35 U.S.C. § 154(b). A true and correct copy of the patent term adjustment is attached as Exhibit B.

**ANSWER:** Paragraph 33 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that the electronic version of the FDA’s publication entitled Approved Products with Therapeutic Equivalence Evaluations, otherwise known as the “Orange Book,” last visited June 9, 2025, identifies March 22, 2040 as the expiration date for the ’638 patent. Accord lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 33 of the Complaint, and on that basis denies those allegations.

> 34. The ’638 patent is listed in Approved Drug Products With Therapeutic Equivalence Evaluations (“the FDA Orange Book”) in connection with NDA No. 213006 for GEMTESA®.

**ANSWER:** Admitted.

## **<u>The ANDA</u>**

> 35. On information and belief, Defendants submitted ANDA No. 220254 with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval to manufacture, use, import, offer for sale, and/or sell in the United States Vibegron Tablets with the proposed strength of 75 mg (“Defendants’ Generic Product”), which is a generic version of Urovant’s GEMTESA® (vibegron) tablets.

**ANSWER:** Paragraph 35 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it filed ANDA No. 220254 with the FDA pursuant to 21 U.S.C. § 355(j) *et seq*. seeking approval to market Vibegron Tablets, 75 mg, as generic to Plaintiffs’ GEMTESA® (vibegron) Tablets, 75 mg. Accord denies all remaining allegations of Paragraph 35 of the Complaint.

> 36. In a letter dated February 10, 2025 ("Accord's Notice Letter"), Defendants notified Plaintiffs that ANDA No. 220254 was submitted to the FDA under 21 U.S.C. § 355(j) to obtain approval to manufacture, use, import, offer to sell, and/or sell Defendants' generic products. Accord's Notice Letter identified Accord's ANDA as ANDA No. 220254.

**ANSWER:** Paragraph 36 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it sent a notice letter to Plaintiffs, dated February 10, 2025, which served as written notification to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) that Accord submitted ANDA No. 220254 and one or more certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA, which satisfied all statutory, legal, and regulatory requirements. Accord denies any and all remaining allegations contained in this paragraph.

> 37. Accord's Notice Letter purports to be a "Notice of Certification Under 21 U.S.C. § 355(j)(2)(B) (§ 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act) and 21 C.F.R. § 314.95" and includes an enclosure purporting to be a "detailed statement of the legal and factual basis for the Paragraph IV certification with respect to the ['638] Patent" titled "Detailed Statement for ANDA No. 220254."

**ANSWER:** Paragraph 37 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it sent a notice letter to Plaintiffs, dated February 10, 2025, which served as written notification to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) that Accord submitted ANDA No. 220254 and one or more certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA, which satisfied all statutory, legal, and regulatory requirements, and which contains the language quoted in paragraph 37. Accord denies any and all remaining allegations contained in this paragraph.

> 38. Accord's Notice Letter states that "[t]he ANDA was submitted under 21 U.S.C. §§ 355(j)(l) and (2)(A), and contains a Paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of the Accord ANDA product, before the expiration of the ['638] Patent."

**ANSWER:** Paragraph 38 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it sent a notice letter to Plaintiffs, dated February 10, 2025, which served as written notification to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) that Accord submitted ANDA No. 220254 and one or more certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA, which satisfied all statutory, legal, and regulatory requirements, and which contains the language quoted in paragraph 38. Accord denies any and all remaining allegations contained in this paragraph.

39. Accord's Notice Letter also asserts that "the ['638] Patent is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use or sale of the drug product described in Accord's ANDA."

**ANSWER:** Paragraph 39 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it sent a notice letter to Plaintiffs, dated February 10, 2025, which served as written notification to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) that Accord submitted ANDA No. 220254 and one or more certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA, which satisfied all statutory, legal, and regulatory requirements, and which contains the language quoted in paragraph 39. Accord denies any and all remaining allegations contained in this paragraph.

40. Plaintiffs commenced this action within 45 days of receiving Accord's Notice Letter.

**ANSWER:** Paragraph 40 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it sent a notice letter to Plaintiffs, including to an address for Urovant and to an address for Sumitomo here in the United States, dated February 10, 2025, which served as written notification to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) that Accord submitted ANDA No. 220254 and one or more certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA, which satisfied all statutory, legal, and

regulatory requirements. Accord is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies those allegations.

**COUNT I**

**(INFRINGEMENT OF THE '638 PATENT)**

> 41. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

**ANSWER:** Accord incorporates its answers to Paragraphs 1 through 40 as if fully set forth herein.

> 42. On information and belief, Defendants filed ANDA No. 220254 seeking approval to manufacture, use, import, offer to sell, and/or sell Defendants' Generic Product in the United States before the expiration of the '638 patent.

**ANSWER:** Paragraph 42 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it filed ANDA No. 220254 with the FDA pursuant to 21 U.S.C. § 355(j) *et seq*. seeking approval to market Vibegron Tablets, 75 mg, prior to the expiration of the '638 patent. Accord denies all remaining allegations of paragraph 42.

> 43. On information and belief, Defendants filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '638 patent are purportedly invalid, unenforceable, and/or will not be infringed.

**ANSWER:** Paragraph 43 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it submitted ANDA No. 220254 and a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA as to the '638 patent. Accord denies all remaining allegations of paragraph 43.

> 44. On information and belief, Defendants do not contest infringement of the '638 patent because Accord's Notice Letter did not provide non-infringement allegations addressing infringement for any claims of the '638 patent.

**ANSWER:** Paragraph 44 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it sent a notice letter to Plaintiffs, dated February 10, 2025, which served as written notification to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) that Accord submitted ANDA No. 220254 and one or more certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA, which satisfied all statutory, legal, and regulatory requirements. Accord denies any and all remaining allegations contained in paragraph 44.

45. On information and belief, in its ANDA No. 220254, Defendants have represented to the FDA that Defendants' Generic Product is pharmaceutically and therapeutically equivalent to Plaintiffs' GEMTESA®.

**ANSWER:** Paragraph 45 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it filed ANDA No. 220254 with the FDA pursuant to 21 U.S.C. § 355(j) *et seq*. seeking approval to market Vibegron Tablets, 75 mg, as generic to Plaintiffs' GEMTESA® (vibegron) Tablets, 75 mg. Accord denies any and all remaining allegations contained in paragraph 45.

46. Defendants have had actual knowledge of the '638 patent, at least as of the date of Accord's Notice Letter.

**ANSWER:** Paragraph 46 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord admits that it had actual knowledge of the '638 patent when sent its notice letter to Plaintiffs, dated February 10, 2025, which served as written notification to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) that Accord submitted ANDA No. 220254 and one or more certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA. Accord denies any and all remaining allegations in paragraph 46.

47. On information and belief, if ANDA No. 220254 is approved, Defendants intend to and will manufacture, use, import, offer to sell, and/or sell Defendants' Generic Product in the United States.

**ANSWER:** Paragraph 47 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Accord lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 47, and on that basis denies these allegations.

48. Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of ANDA No. 220254 seeking approval to manufacture, use, import, offer to sell, or sell Defendants' Generic Product before the expiration date of the '638 patent constitutes infringement, either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

49. On information and belief, if ANDA No. 220254 is approved, Defendants will infringe one or more claims of the '638 patent, including at least claim 1, either literally or under the doctrine of equivalents under § 271(a), by making, using, offering to sell, selling, and/or importing Defendants' Generic Product, and/or by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 220254 shall be no earlier than the expiration of the '638 patent and any additional periods of exclusivity to which Plaintiffs are or become entitled.

**ANSWER:** Denied.

50. On information and belief, Defendants know and intend that healthcare professionals will prescribe, and patients will take, Defendants' Generic Product for which approval is sought in ANDA No. 220254, and therefore will infringe at least one claim of the '638 patent, including at least claim 1, either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

51. On information and belief, Defendants have knowledge of the '638 patent and, by their proposed package insert for Defendants' Generic Product, will knowingly induce direct infringement of at least one claim of the '638 patent, including at least claim 1, either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

52. On information and belief, Defendants are aware and/or have knowledge that their proposed package insert will recommend, suggest, encourage, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Defendants' Generic Product according to the instructions in the proposed

package insert in a way that directly infringes at least one claim of the '638 patent, including at least claim 1.

**ANSWER:** Denied.

53. On information and belief, Defendants have had and continue to have knowledge that Defendants' Generic Product constitutes a material part of the invention and is especially adapted for a use that infringes at least one claim of the '638 patent, including at least claim 1.

**ANSWER:** Denied.

54. On information and belief, Defendants have had and continue to have knowledge that Defendants' Generic Product is not a staple article or commodity of commerce suitable for substantial non-infringing use for at least one claim of the '638 patent, including at least claim 1.

**ANSWER:** Denied.

55. On information and belief, Defendants' actions relating to Defendants' ANDA No. 220254 complained of herein were done by and for the benefit of Defendants.

**ANSWER:** Denied.

56. A substantial and justiciable controversy exists between the parties as to the infringement of the '638 patent.

**ANSWER:** Paragraph 56 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, denied.

57. Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing of the ANDA Product, inducement thereof or contribution thereto, will infringe the '638 patent's asserted claims pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

**ANSWER:** Denied.

58. On information and belief, Defendants acted, and upon FDA approval of ANDA No. 220254, will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '638 patent. This is an exceptional case.

**ANSWER:** Denied.

59. Plaintiffs will be irreparably harmed by Defendants' infringing activities unless this Court enjoins those activities.

**ANSWER:** Denied.

60. Pursuant to 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement.

**ANSWER:** Denied.

61. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** Denied.

## ACCORD'S RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Accord denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief or otherwise, and request that Plaintiffs' Complaint be dismissed with prejudice and that Accord be awarded its fees and costs incurred defending this suit under 35 U.S.C. § 285.

## ACCORD'S ADDITIONAL DEFENSES

Accord asserts the following defenses without prejudice to the denials in the Answer and without admitting any allegations of the Complaint not otherwise admitted.

### FIRST ADDITIONAL DEFENSE (INVALIDITY OF THE '638 PATENT)

The claims of the '638 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SECOND ADDITIONAL DEFENSE (NO INFRINGEMENT OF THE '638 PATENT)

The filing of Accord's ANDA No. 220254 ("Accord's ANDA") and the manufacture, use, offer for sale, sale, or importation of the Vibegron Tablets, 75 mg, described therein ("Accord's ANDA product"), have not, do not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '638 patent.

**THIRD ADDITIONAL DEFENSE**
**(FAILURE TO STATE A CLAIM)**

Plaintiffs' Complaint, in whole and/or in part, fails to state a claim upon which relief can be granted.

**FOURTH ADDITIONAL DEFENSE**
**(FAILURE TO STATE A CLAIM FOR EXCEPTIONAL CASE)**

Plaintiffs fail to state a proper claim for exceptional case.

**FIFTH ADDITIONAL DEFENSE**

Any additional defenses or counterclaims that discovery may reveal.

**RESERVATION OF ADDITIONAL DEFENSES**

Accord reserves the right to plead additional defenses or counterclaims that may be revealed through the course of discovery, including unenforceability.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Accord Healthcare Inc. ("Accord") by way of its attorneys, hereby states for its Counterclaims against Plaintiffs Urovant Sciences GmbH ("Urovant") and Sumitomo Pharma America, Inc. ("SMPA") (collectively, "Plaintiffs") the following, without prejudice to the denials in this Answer, without admitting any allegations of the Complaint not otherwise admitted, and without assuming the burden when such burden would otherwise be on Accord.

**THE PARTIES**

1. Accord is a corporation organized and existing under the laws of the State of North Carolina, with a place of business at 8041 Arco Corporate Drive, Suite 200, Raleigh, North Carolina 27617.

2. Upon information and belief, Plaintiff/Counterclaim-Defendant Urovant is a Switzerland limited liability company having its principal place of business at Aeschengraben 27, 4051 Basel, Switzerland.

3. Upon information and belief, Plaintiff/Counterclaim-Defendant SMPA is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 84 Waterford Drive, Marlborough, Massachusetts 01752.

**JURISDICTION**

4. These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

5. This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

6. This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based on an actual controversy between Accord and Plaintiffs, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

7. This Court has personal jurisdiction over Plaintiffs based on, *inter alia*, the filing of this lawsuit in this jurisdiction and because Plaintiffs do business in this jurisdiction.

8. Venue is proper in this judicial district under 28 U.S. C. §§ 1391(b) and (c), and 1400(b).

**FACTS COMMON TO ALL COUNTS**

9. This is an action for a declaratory judgment of non-infringement and invalidity of claims of the '638 patent ("the Patent-in-Suit"). Upon information and belief, a true and correct copy of the '638 patent was attached to the Complaint as Exhibit A.

10. On or about October 1, 2024, the USPTO issued the '638 patent.

11. Upon information and belief, Urovant is the current assignee of the '638 patent.

12. Urovant purports to be the holder of New Drug Application ("NDA") No. 213006 for vibegron tablets in a strength of 75 mg. Upon information and belief, SMPA sells this drug in the United States under the trademark GEMTESA®.

13. Urovant purports and claims to have the right to enforce the '638 patent and has listed it in the FDA's Orange Book in connection with GEMTESA®.

14. Accord filed its ANDA No. 220254 ("Accord's ANDA") with the FDA pursuant to 21 U.S.C. § 355(j) *et seq*. seeking approval to market Vibegron Tablets, 75 mg ("Accord's ANDA Product"), identifying in its ANDA NDA No. 213006 and GEMTESA® (vibegron) tablets as the Reference Listed Drug pursuant to 21 C.F.R. § 314.3.

15. Accord's ANDA seeks FDA approval to market its ANDA product before the expiration of the '638 patent listed in the Orange Book, and includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (also called a "Paragraph IV Certification") as to that patent. Accord sent a notice letter to Plaintiffs, dated February 10, 2025, which served as written notification to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) that Accord submitted ANDA No. 220254 and a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '638 patent to the FDA ("Accord's February 10, 2025 Notice Letter").

16. Plaintiffs sued Accord in this District for alleged infringement of the '638 patent.

**COUNT I**
**(Declaratory Judgment of Noninfringement of the '638 Patent)**

17. Accord realleges and incorporates by reference the allegations of paragraphs 1-16 of these Counterclaims as though fully set forth herein.

18. There is an actual, substantial, and continuing case or controversy between Accord and Plaintiffs regarding, *inter alia*, non-infringement of the claims of the '638 patent.

19. The filing of Accord's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '638 patent, either literally or under the doctrine of equivalents

20. The manufacture, use, offer for sale, sale, importation, and/or marketing of Accord's ANDA product has not infringed, does not infringe, and would not—if made, used, sold, offered for sale, imported or marketed—infringe, either directly or indirectly, any valid or enforceable claim of the '638 patent, either literally or under the doctrine of equivalents.

21. Accord is entitled to a judicial declaration that the filing of its ANDA and the manufacture, use, offer for sale, sale, importation, and/or marketing of Accord's ANDA Product described in Accord's ANDA has not infringed, does not infringe, and would not infringe, either directly or indirectly, any valid or enforceable claim of the '638 patent, either literally or under the doctrine of equivalents.

**COUNT II**
**(Declaratory Judgment of Invalidity of the '638 Patent)**

22. Accord realleges and incorporates by reference the allegations of paragraphs 1-21 as though fully set forth herein.

23. There is an actual, substantial, and continuing case or controversy between Accord and Plaintiffs regarding, *inter alia*, the invalidity of the '638 patent, and a judicial declaration of

invalidity is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the ’638 patent.

24. The claims of the ’638 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, or under judicially-created bases for invalidation.

25. The claims of the ’638 patent are invalid under 35 U.S.C. § 112 for lack of written description, because the specification of the ’638 patent does not reasonably convey to a person of ordinary skill in the art that the named inventors had possession of the claimed subject mater as of the filing date, at least because the specification does not suggest that the named inventors actually evaluated the claimed methods, nor does it indicate that the described examples can be extrapolated to the claimed methods.

26. The claims of the ’638 patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 because they are anticipated and/or obvious to a person of ordinary skill in the art, as set forth in Accord’s February 10, 2025 Notice Letter to Plaintiffs, because each and every element of each and every claim of the ’638 patent was disclosed expressly or inherently in one or more references and/or products which were publicly available before the earliest possible priority date of the ’638 patent, including, but not limited to, those references and/or products disclosed in Accord’s February 10, 2025 Notice Letter, in connection with Accord’s ANDA, namely:

1) U.S. Patent Application Publication No. US 2009/0253705 A1;

2) A Study of the Efficacy and Safety of Vibegron (MK-4618) in Participants with Overactive Bladder (OAB) (MK-4618-008), ClinicalTrials.gov ID NCT01314872 (all study records, including but not limited to the Study Details and Results discussions);

3) A Single Dose Study of the Pharmacokinetics of Vibegron (MK-4618) in Participants with Renal Insufficiency (MK-4618-014), ClinicalTrials.gov ID NCT01628042 (all study records);

4) Scott D. Edmondson et al., *Discovery of Vibegron: A Potent and Selective Beta 3 Adrenergic Receptor Agonist for the Treatment of Overactive Bladder*, J. MED. CHEM. (Publication Date (Web): Dec. 27, 2015);

5) WO 2017/210696 A1;

6) J. Di Salvo et al., *Pharmacological Characterization of Novel Beta 3 Adrenergic Agonist, Vibegron: Evaluation of Anti-Muscarinic Receptor Selectivity for Combination Therapy for Overactive Bladder*, J. PHARMACOL. & EXPER. THERAPEUTICS, Feb. 2017, 360 (2) 346-355;

7) Mi Wei et al., *A β3 Adrenergic Agonist to Treat Bladder Hyperactive Disorder: Vibegron*, MODERN DRUGS & CLINICAL DRUGS & CLINIC, Vol. 32, Issue 2, Feb. 2017, 347-350;

8) Consultation for NDA 202611, dated March 7, 2012, FDA, Center for Drug Evaluation and Research, Division of Cardiovascular and Renal Products;

9) Prescribing Information for MYRBETRIQ® (mirabegron) Extended-Release Tablets, for Oral Use, Rev. Aug. 2016;

27. As explained in Accord's February 10, 2025 Notice Letter, a person of ordinary skill in the art would have been motivated to combine the references and/or products recited in the previous paragraph as of the earliest possible priority date of the '638 patent to achieve the subject matter claimed in the '638 patent, and would have had a reasonable expectation of success in doing so, rendering obvious the subject matter claimed in the '638 patent.

28. There is no objective evidence of non-obviousness of the claims of the '638 patent, nor would any such evidence, should it exist, have any nexus to the claimed purported inventions of the '638 patent.

29. Accord is entitled to a judicial declaration that the claims of the '638 patent are invalid.

30. Accord reserves the right to provide additional bases for invalidity of each claim of the '638 patent in its contentions, responses to discovery requests, expert reports or pleadings filed or served as this action progresses.

## REQUEST FOR RELIEF

WHEREFORE, Accord respectfully requests that the Court enter judgment in its favor and against Plaintiffs as follows:

(A) Dismissing Plaintiffs' Complaint, and each and every claim by Plaintiffs against Accord for relief contained therein, with prejudice;

(B) Declaring that Accord and the filing of its ANDA have not and do not infringe any valid claim of the '638 patent, and that the claims of the '638 patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, *et seq*. including, *inter alia*, §§ 102, 103, and 112;

(C) Declaring that Accord's ANDA products will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of the '638 patent under 35 U.S.C. § 271;

(D) Declaring this case exceptional and awarding Accord reasonable attorneys' fees and costs under 35 U.S.C. § 285;

(E) Awarding Accord its costs and expenses; and

(F) Awarding Accord such other and further relief as the Court deems just and proper.

Dated: June 9, 2025

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendant*
*Accord Healthcare Inc.*

*Of Counsel:*

Richard T. Ruzich
Luke T. Shannon
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
rruzich@taftlaw.com
lshannon@taftlaw.com