IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UROVANT SCIENCES GMBH and SUMITOMO PHARMA AMERICA, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 25-373 (GBW) |
| ACCORD HEALTHCARE INC., | ) | |
| Defendant. | ) | |

**PLAINTIFFS' ANSWER TO ACCORD'S COUNTERCLAIMS**

Plaintiffs Urovant Sciences GmbH ("Urovant") and Sumitomo Pharma America, Inc. ("SMPA") (collectively, "Plaintiffs") hereby answer and respond to the Counterclaims of Defendant and Counterclaim-Plaintiff Accord Healthcare Inc. ("Accord") (D.I. 13), as follows.

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Counterclaims. Plaintiffs deny each and every allegation in the Counterclaims, including without limitation allegations appearing in headings, subheadings, and footnotes, except as expressly admitted herein, and specifically deny that Accord is entitled to the relief sought in its Prayer for Relief. Plaintiffs reserve the right to amend and/or supplement this Answer. Plaintiffs respond to the Counterclaims as follows:

**THE PARTIES**

1. On information and belief and based on Accord's answer, Plaintiffs admit the allegations of paragraph 1.

2. Plaintiffs admit the allegations of paragraph 2.

3. Plaintiffs admit the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 consists of conclusions of law to which no response is required. To the extent a response is required, Plaintiffs admit that Accord purports to assert counterclaims under the Patent Laws of the United States, the Declaratory Judgment Act, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, but deny that Accord is entitled to any relief.

5. Paragraph 5 consists of conclusions of law to which no response is required. To the extent a response is required, Plaintiffs do not contest that the Court has subject matter jurisdiction over Accord's Counterclaims.

6. Paragraph 6 consists of conclusions of law to which no response is required. To the extent a response is required, Plaintiffs do not contest that the Court has subject matter jurisdiction over Accord's Counterclaims. Further, Plaintiffs do not contest that there is an actual controversy between the parties, but deny that Accord is entitled to any relief.

7. Paragraph 7 consists of conclusions of law to which no response is required. To the extent a response is required, Plaintiffs do not contest that the Court has personal jurisdiction over Plaintiffs for the purpose of resolving Accord's Counterclaims.

8. Paragraph 8 consists of conclusions of law to which no response is required. To the extent a response is required, Plaintiffs do not contest that venue is proper in this District for the purpose of resolving Accord's Counterclaims.

## FACTS COMMON TO ALL COUNTS

9. Paragraph 9 consists of conclusions of law to which no response is required. To the extent a response is required, Plaintiffs admit that Accord purports to bring "an action for a declaratory judgment of non-infringement and invalidity of the claims of the '638 patent," but deny that Accord is entitled to any relief. Plaintiffs admit that a true and correct copy of the United

States Patent No. 12,102,638 ("the '638 patent") was attached to the Complaint in the above-captioned case as Exhibit A.

10. Plaintiffs admit the allegations of paragraph 10 that the USPTO issued the '638 patent on October 1, 2024.

11. Plaintiffs admit the allegations of paragraph 11 and state that Plaintiffs own the '638 patent.

12. Plaintiffs admit that Plaintiffs hold NDA No. 213006 for GEMTESA®. Further, Plaintiffs admit that SMPA sells GEMTESA® in the United States.

13. Plaintiffs admit that Urovant has the right to enforce the '638 patent and that "the '638 patent is listed in Approved Drug Products with Therapeutic Equivalence Evaluations ("the FDA Orange Book") in connection with NDA No. 213006 for GEMTESA®," but deny the remaining allegations of paragraph 13.

14. Paragraph 14 consists of conclusions of law to which no response is required. To the extent a response is required, on information and belief and based on Accord's Answer, Plaintiffs admit that Accord, in coordination with or at the direction of Intas Pharmaceuticals Limited ("Intas"), submitted ANDA No. 220254 with the FDA, seeking approval to manufacture, use, import, offer for sale, and/or sell in the United States vibegron tablets with the proposed strength of 75 mg, which is a generic version of Urovant's GEMTESA® (vibegron) tablets, but deny any remaining allegations of paragraph 14.

15. Paragraph 15 consists of conclusions of law to which no response is required. On information and belief, Plaintiffs admit that Accord, in coordination with or at the direction of Intas, sent Plaintiffs a letter dated February 10, 2025 (the "Notice Letter") that, on its face, states that ANDA No. 220254 "contains a Paragraph IV certification to engage in the commercial

manufacture, use or sale of the Accord ANDA product, before expiration of the ['638] patent," but deny that Accord's assertions have any merit and deny any remaining allegations of paragraph 15.

16. Plaintiffs admit the allegations of paragraph 16.

**COUNT I**

**(Declaratory Judgment of Alleged Non-Infringement of the '638 Patent)**

17. Plaintiffs incorporate by reference their responses to paragraphs 1-16 as if fully set forth herein.

18. Paragraph 18 consists of conclusions of law to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual and justiciable controversy between the parties, but deny that Accord is entitled to any relief.

19. Plaintiffs deny the allegations of paragraph 19.

20. Plaintiffs deny the allegations of paragraph 20.

21. Paragraph 21 consists of conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 21.

**COUNT II**

**(Declaratory Judgment of Alleged Invalidity of the '638 Patent)**

22. Plaintiffs incorporate by reference their responses to paragraphs 1-21 as if fully set forth herein.

23. Paragraph 23 consists of conclusions of law to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual and justiciable controversy between the parties, but deny that Accord is entitled to any relief.

24. Plaintiffs deny the allegations of paragraph 24.

25. Plaintiffs deny the allegations of paragraph 25.

26. Plaintiffs deny the allegations of paragraph 26.

27. Plaintiffs deny the allegations of paragraph 27.

28. Plaintiffs deny the allegations of paragraph 28.

29. Plaintiffs deny the allegations of paragraph 29.

30. Plaintiffs admit that Accord purports to reserve the right to additional bases for invalidity, but deny the remaining allegations of paragraph 30 and deny that Accord is entitled to any relief.

## RESPONSE TO ACCORD'S PRAYER FOR RELIEF

Plaintiffs deny that Accord is entitled to any of the relief sought in its Prayer for Relief for its Counterclaims, or to any other relief in any form from either the Court or from Plaintiffs. Plaintiffs respectfully request that the Court enter judgment in their favor and against Accord on all of Accord's Counterclaims, deny each of Accord's prayers for relief, and award Plaintiffs any other further relief deemed appropriate by the Court.

## DEFENSES

Plaintiffs hereby assert the following defenses pursuant to Fed. R. Civ. P. 8(c). Plaintiffs do not concede that they bear the burden of proof as to any of the defenses asserted. Plaintiffs further reserve all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## FIRST DEFENSE

### (Failure to State a Claim)

Accord's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

## (Exceptional Case)

Accord's Counterclaims fail to state a claim for an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs deny that Accord is entitled to the judgment and relief requested in Accord's counterclaims, and respectfully request that this Court enter judgment in Plaintiffs' favor and against Accord on the counterclaims set forth above, and respectfully request that this Court:

A. Dismiss Accord's counterclaims with prejudice;

B. Deny any of the relief that Accord seeks;

C. Grant Plaintiffs the relief that they request in their complaint; and

D. Award Plaintiffs such further and additional relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Karen Jacobs (#2881)
Rodger D. Smith II (#3778)
Jennifer Ying (#5550)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
rsmith@morrisnichols.com
jying@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Plaintiffs Urovant Sciences GmbH and Sumitomo Pharma America, Inc.*

OF COUNSEL:

James B. Monroe
Paul W. Browning, Ph.D.
Emily R. Gabranski
Jeanette M. Roorda
Emma N. Ng
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

David De Lorenzi
Christopher Strate
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
(973) 596-4500

June 30, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 30, 2025, upon the following in the manner indicated:

Kenneth L. Dorsney, Esquire
Cortlan S. Hitch, Esquire
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801
*Attorneys for Defendant Accord Healthcare Inc.*

*VIA ELECTRONIC MAIL*

Luke T. Shannon, Esquire
Richard T. Ruzich, Esquire
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2600
Chicago, IL 60601-4208
*Attorneys for Defendant Accord Healthcare Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)